[Civ. No. 27000.   Second Dist., Div. Two.   May 22, 1963.]

PERNIE A. KOHR, Plaintiff and Appellant, v. HARRY GEORGE KOHR, Defendant and Respondent.

Eric A. Rose for Plaintiff and Appellant.

Pray, Price, Williams & Deatherage and Dale B. Deatherage for Defendant and Respondent.

HERNDON, J.—Plaintiff wife appeals from the interlocutory judgment of divorce entered herein. Her attack upon the judgment is based upon her assertion that the record fails to disclose that she understood or consented to the stipulations which (1) declared that the residence property owned by the parties was joint tenancy and not community property; and (2) required her to make the payments on this residence, until it was sold, from the alimony payments ordered paid to her by her husband.

The record reveals that by their pleadings and their pretrial statement the parties initially had placed in issue the character of their ownership of the property in question. However, on the day of trial, counsel then representing ap-

pellant, after having been granted permission to amend her complaint from one seeking separate maintenance to one for divorce, made the following statement to the court:

"There is just one other thing. In our answer to the cross-complaint which was filed by Mr. Kohr, we allege there is community property consisting of real property located at 5333 Vermont Street in Long Beach held in joint tenancy for convenience only, and at this time, since they allege it is to be joint tenancy property, we wish to join in the stipulation and agreement that this is truly and in fact joint tenancy property as indicated by their cross-complaint, and by stipulation we are to amend our answer to the cross-complaint, so that will not be at issue. It is joint tenancy property. THE COURT: Very well. It will be so amended."

Appellant then proceeded to introduce evidence in support of her complaint. Respondent, although called as a witness by appellant under section 2055, Code of Civil Procedure, offered nothing by way of defense or in support of his cross-complaint. When appellant testified, she stated her wishes with reference to the division of the remaining property of the parties, but nothing further was said concerning the joint tenancy status of the residence property. At the close of appellant's case the court gave judgment for appellant and divided the community property in accordance with her expressed desires.

In addition, the transcript of the proceedings clearly indicates that the trial judge, in rendering his decision, repeated the stipulation of the parties with respect to the joint tenancy status of the residence property. He then expressed his belief that it would be in the best interest of both parties to effect a prompt sale of the property in order that more of the defendant's limited earnings might be made available to provide for appellant's support.

The record further reveals that the court thereupon ordered that the support payments then being paid appellant be continued. Counsel for both parties stipulated that appellant should continue making the payments on the residence until the property could be sold. Finally, the court made provision for an automatic increase in the support payments to be effective upon the sale of the property, explaining that respondent would be able to use his share of the proceeds from this sale to reduce very substantially his outstanding indebtedness.

Thereafter, in compliance with the court's orders, appel-

lant's counsel prepared the judgment which was signed and filed in regular course. Although it does not appear from the record that appellant made a motion for a new trial, or in any way indicated to the trial court her dissatisfaction with any of the proceedings therein or with the conduct of court or counsel, she substituted her present counsel who filed the notice of appeal on her behalf.

The record before us is completely barren of any affidavit or representation by appellant to the effect that her trial counsel either defrauded or misled her, or failed in any way to advise her fully in the premises. Indeed, no contention is made that she actually failed to understand and agree to any of the proceedings had in the court below. It is most difficult, therefore, to comprehend appellant's true position on this appeal.

In her brief she cites decisions in support of the unquestioned rule that an attorney may not surrender any substantial right of a client contrary to his instructions or declared desires. It appears to be appellant's contention that unless the record *affirmatively* shows her consent to the stipulation regarding the joint tenancy ownership of the real property, it must, *as a matter of law,* be assumed that she was not adequately informed on the subject and refused, or would have refused, to consent thereto. Such, of course, is not the law. (see *Duffy* v. *Griffith Co.,* 206 Cal.App.2d 780, 787-793 [24 Cal.Rptr. 161].)

Even if there were any doubt concerning the law here applicable, it is apparent from the instant record that appellant *was* fully aware of all proceedings, and the purpose and intent thereof. In addition to the statements of her counsel at the commencement of the hearing and the remarks of the trial court in the rendition of its decision, which appear too clear to be misunderstood, the record reflects that upon the hearing of an order to show cause on June 23, 1961, a substantially identical order was entered pursuant to a stipulation that appellant was to make the house payments from the temporary support payments then awarded her.

Furthermore, the following excerpts from appellant's own testimony conclusively establish her knowledge that she was to make the house payments out of her alimony award and that she offered no objection thereto: "Q Mrs. Kohr, at the present time, has your house payment been made that was due on April 1st? A No, I haven't been able to make it yet. . . , The Court: Has Mr. Kohr made the payments to

you that were called for under the terms of the Court order of June 23, 1961? Has he been paying you this $94.00 per week for the first four weeks of each month? The Witness: He has been paying me but he is in arrears two payments and about fifty dollars, which would be about — how much was that? Mr. White: $238.00. The Witness: $238.00 behind tomorrow. The Court: Is it because of that that you have not made the house payment due April 1st? The Witness: That is correct.''

The trial court, therefore, clearly did not err in accepting the stipulations entered into by appellant's counsel in her presence and with her apparent full understanding and consent and in entering its judgment accordingly.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.